IN THE UNITED STATES DISTRICT COUR
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ANGELA BIRKMAN, individually and
on behalf of all similarly situated persons,

     Plaintiff,

v.                                     C.A. No.:   1:16-cv-401

L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA BIRKMAN (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through her undersigned counsel, hereby sues Defendant, L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1.    This is a collective action by Plaintiff, and others similarly situated, against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.   Plaintiff seeks damages for unpaid overtime, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## JURISDICTION

2.      This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB, has offices located in Austin, Texas.

## THE PARTIES

4.      Plaintiff is an individual residing in Austin, Texas.

5.      Plaintiff, ANGELA BIRKMAN, was employed by Defendant from October of 2013, through February of 2016, as an "Entertainer/Dancer."

6.      Defendant, L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB, is a corporation formed and existing under the laws of the State of Texas and maintains offices in Austin, Texas.

7.      Defendant, L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB, operates a company primarily engaged in adult entertainment industry and is an employer as defined by 29 U.S.C. § 203(d).

8.     Defendant, L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9.     At all times material to this complaint, Defendant, L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10.     At all times material to this complaint, Defendant, L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11.     Plaintiff was misclassified by the Defendant as an independent contractor; therefore, was paid no wages whatsoever.

12.     Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

13.     Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

14.     As a result of Defendant's unlawful conduct, Plaintiff, and all others similarly situated, are entitled to actual and compensatory damages, including the amount of minimum wages and/or overtime which was not paid that should have been paid.

15.     Plaintiff, and all others similarly situated, is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

16.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF L.L.C., INC., D/B/A PERFECT 10 MEN'S CLUB, WHO WERE EMPLOYED AS AN ENTERTAINER/DANCER THROUGHOUT THE STATE OF TEXAS AND WHO WERE DESIGNTED AS INDEPENDENT CONTRACTORS AND WERE PAID NO WAGES.

17.     This action is properly brought as a collective action for the following reasons:

a.      The Class is so numerous that joinder of all Class Members is impracticable.

b.      The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

c.      Plaintiff will fairly and adequately protect the interests of Class Members.   The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.   Furthermore, Plaintiff is represented by experienced class action counsel.

d.      The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB.

e.      The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

e.      L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

18.     For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because her claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

19.     In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been

denied overtime compensation while employed by Defendant.

20.    Defendant's policy of not paying minimum wage or overtime is company-wide and "Entertainer/Dancers" employed by Defendant during the three years prior to the filing of this action have been deprived of minimum wage and overtime, similarly to the Plaintiff.

21.    Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

22.    Plaintiff has retained the law firm of Ross Law, P.C., to represent her in this action and has agreed to pay said firm a reasonable attorney's fee for its services.   Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel.   Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

**COUNT I**
**(OVERTIME)**

23.     Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 22 above.

24.     Throughout the employment of Plaintiff, and others similarly situated, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff, and all others similarly situated, at a rate not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a workweek.

25.     Defendant failed to include pay Plaintiffs any overtime compensation.

26.     The acts described herein the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

27.     As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

28.     Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

Page 8 of   10

WHEREFORE, Plaintiff, ANGELA BIRKMAN, and all others similarly situated, demand Judgment against Defendant, L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB, for the following:

a.   Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b.   Ordering prompt notice of this litigation to all potential Class Members;

c.   Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d.   Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e.   Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f.   Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g.   Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## COUNT II
## (MINIMUM WAGE)

29.   Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 22 above.

30.   The acts described in the preceding paragraphs violate the Fair Labor

Standards Act, which prohibits the denial of minimum wage compensation for all hours worked in a workweek.

31.   As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wage compensation which was not paid and which should have been paid.

32.   Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid minimum wages pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid minimum wages.

WHEREFORE, Plaintiff, ANGELA BIRKMAN, and all others similarly situated, demand Judgment against Defendant, L.L.C., INC., d/b/a PERFECT 10 MEN'S CLUB, for the following:

  a.   Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

  b.   Ordering prompt notice of this litigation to all potential Class Members;

  c.   Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

  d.   Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

  e.   Awarding Plaintiff and Class Members their pre-judgment, moratory

interest as provided by law, should liquidated damages not be awarded;

f.      Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g.      Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, ANGELA BIRKMAN, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this March 23, 2016.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**