IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANGELA BIRKMAN, individually and on behalf of all similarly situated persons, PLAINTIFF | § § § § | |
| v. | § § | C.A. No.: 1:16-cv-401 |
| L.L.C., INC. d/b/a PERFECT 10 MEN'S CLUB, DEFENDANT. | § § § | |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

L.L.C., Inc. d/b/a Perfect 10 Men's Club ("Defendant" herein), subject at all times to Defendants' Motion to Dismiss and Motion to Compel Arbitration, submits this its Original Answer and Counterclaim to Plaintiff Angela Birkman's ("Plaintiff") Complaint and Demand for Jury Trial (the "Complaint"), and would show:

## GENERAL DENIAL

1. Defendant denies each and every, all and singular, the material allegations contained, within Plaintiff's Complaint and demand strict proof thereof.

2. Plaintiff's claims are barred in whole or in part by waiver.

3. Plaintiff's claims are barred in whole or in part by Plaintiff's agreement to binding arbitration.

4. Defendant specifically denies that all conditions precedent to Plaintiffs' right to recovery or to Defendant's liability has been met or have occurred.

## SPECIFIC DENIALS

5. Defendant admits that Plaintiff alleges as set forth in ¶1 of Plaintiff's Complaint.

6. Defendant admits that this Court has jurisdiction as set forth in ¶2 of Plaintiff's Complaint.

7. Defendant admits that venue is proper as set forth in ¶3 of Plaintiff's Complaint.

8. Defendant is without sufficient information to admit or deny if Plaintiff resides in Austin, Texas as set forth in ¶4 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff was employed as set forth in ¶5 of Plaintiff's Complaint.

10. Defendant admits that Defendant is so incorporated as set forth in ¶6 of Plaintiff's Complaint.

11. Defendant admits that Defendant so operates as set forth in ¶7 of Plaintiff's Complaint.

12. Defendant admits the allegations set forth in ¶8-10, 17-21, 23-27, 29-31 of Plaintiff's Complaint.

13. Defendant denies the allegations set forth in ¶11-15 of Plaintiff's Complaint.

14. Defendant admits that Plaintiff's allegations assert the definition set forth in ¶16 of Plaintiff's Complaint, but otherwise denies the allegations set forth in ¶16 of Plaintiff's Complaint.

15. Defendant admits that Plaintiff is represented by Plaintiff's counsel as set forth in ¶22 of Plaintiff's Complaint, but otherwise denies the allegations set forth in ¶22 of Plaintiff's Complaint.

16. Defendant denies that Plaintiff is entitled to the relief sought in ¶28 of Plaintiff's Complaint and the following prayer, and ¶32 of Plaintiff's Complaint and the following prayer.

**AFFIRMATIVE DEFENSES**

17. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of waiver.

18. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of estoppel.

19. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of limitations.

20. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of fraud and fraudulent inducement.

21. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of ratification.

22. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of unjust enrichment.

23. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of payment.

24. Defendant avers that Plaintiff's claims are barred in whole or in part by the defense of repudiation.

### COUNTERCLAIM

L.L.C., Inc. d/b/a Perfect 10 Men's Club ("Counter-Plaintiff") complains of and counter-claims against Angela Birkman ("Counter-Defendant"), and would show:

1. On 10/10/13 and 8/25/15, and as a condition to Plaintiff's employment, Plaintiff signed and agreed to that certain Arbitration Agreement (Exh. A hereto) which, among other things, included Plaintiff's agreement that: i) any dispute or claim between Plaintiff and Defendant shall be determined through binding arbitration; ii) Plaintiff waived her right to a jury trial; and iii) the prevailing party was and is entitled to recover attorneys' fees.

2. Counter-Defendant filing suit in the United States District Court for the Western District of Texas Austin Division and demanding a jury trial is a breach of Plaintiff's binding Arbitration Agreement.

3. Counter-Plaintiff seeks and is entitled to recover Counter-Plaintiff's attorneys' fees based on Counter-Defendant's breach of contract, and as prevailing party.

4. All conditions precedent to Counter-Plaintiff's right to recover and to the relief sought herein have been met or have occurred.

WHEREFORE, PREMISES CONSIDERED, L.L.C., Inc. d/b/a Perfect 10 Men's Club, as Defendant, prays that Plaintiffs take nothing by their claims and causes of action against Defendant. L.L.C., Inc. d/b/a Perfect 10 Men's Club, as Counter-Plaintiff, prays for necessary attorneys' fees based on Counter-Defendant's breach of contract and as prevailing party. L.L.C., Inc. d/b/a Perfect 10 Men's Club prays for other and further relief.

Respectfully submitted,

_____
BRIAN W. BISHOP
900 West Avenue
Austin, Texas 78701
Telephone: (512) 327-5121
Facsimile: (512) 327-5122
Email: brian@bbishoplaw.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

  I certify that a true copy of the above was served electronically on the attorney of record or party in accordance with the Federal Rules of Civil Procedure on 4/22/16.

Charles L. Scalise
Daniel B. Ross
Ross Law Group
1104 San Antonio St.
Austin, TX 78701
Charles@rosslawpc.com

_____
Brian W. Bishop